UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

PATRICK VAILES,

*Plaintiff-Appellant,*

v.

PRINCE GEORGE'S COUNTY,
MARYLAND,

*Defendant-Appellee.*

No. 01-2347

PATRICK VAILES,

*Plaintiff-Appellee,*

v.

PRINCE GEORGE'S COUNTY,
MARYLAND,

*Defendant-Appellant.*

No. 01-2394

Appeals from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-00-1695-PJM)

Submitted: June 11, 2002

Decided: July 2, 2002

Before WIDENER, MOTZ, and KING, Circuit Judges.

No. 01-2347 affirmed and No. 01-2394 dismissed by unpublished per
curiam opinion.

**COUNSEL**

Philip B. Zipin, Stephani L. Hillman, ZIPIN, MELEHY & DRIS-COLL, L.L.C., Silver Spring, Maryland, for Appellant. Sean D. Wallace, County Attorney, Laura J. Gwinn, COUNTY ATTORNEY'S OFFICE, Upper Marlboro, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Patrick Vailes appeals the district court's order granting summary judgment in favor of Prince George's County in this employment discrimination action brought under the Americans with Disabilities Act (ADA). 42 U.S.C.A. §§ 12101-12213 (West 1995 & Supp. 2001), and Rehabilitation Act of 1973. 29 U.S.C.A. § 701 (West 1999 & Supp. 2001). Vailes claims Prince George's County wrongfully terminated him in August of 1998 from his position as a substance abuse counselor for failing to accommodate his disability, a paralyzed vocal cord. Vailes claims he suffers from unpredictable coughing spasms that impact his breathing, speaking, eating, drinking and swallowing. Prince George's County filed a cross-appeal challenging the district court's decision on reconsideration to dismiss Vailes' Prince George's County Human Relations Commission Act (PGCHRA) discrimination claim without prejudice, declining to exercise supplemental jurisdiction over the claim. During the pendency of this appeal, however, the County informed this Court that the state court granted summary judgment to the County on the state claim. Accordingly, we dismiss the County's cross-appeal as moot.

This Court reviews the grant of summary judgment de novo. *See Henson v. Liggett Group*, 61 F.3d 270, 274 (4th Cir. 1995). On appeal, Vailes contends that the district court erred in concluding that

his condition did not fall within the definition of disability under the ADA. Vailes correctly contends that the district court focused on whether he was disabled based on his ability to drive to work, and did not make specific findings regarding whether he was disabled based on substantial limitations to his ability to swallow, eat, drink, breathe, and speak. We find no harmful error, however, as the evidence of record is insufficient to create a genuine issue of material fact as to these claims.

The statute defines disability, in pertinent part, as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(A) (1994). In evaluating whether an individual has a disability on summary judgment, the court must look to see whether the individual produced enough evidence from which a reasonable factfinder could conclude that the nature and severity of his impairment significantly affected his ability to perform major life activities as compared to an average member of the general population. *Kelly v. Drexel Univ.*, 94 F.3d 102, 105-06 (3d Cir. 1996).

Eating is a major life activity. *Lawson v. CSX Transp. Inc.*, 245 F.3d 916, 923 (7th Cir. 2001) (finding insulin-dependent diabetic substantially impaired in the major life activity of eating). We will assume, *arguendo*, that drinking and swallowing are similarly major life activities.

By his own account, Vailes is able to eat and drink a wide range of foods and liquids throughout the day, albeit experiencing some occasional discomfort due to intermittent coughing attacks and a gagging sensation. Additionally, the medical evidence of record reflects that Vailes' weight remained stable after the onset of his impairment, and Dr. Kenner, Vailes' treating physician, acknowledged that this indicated Vailes experienced no difficulty eating or swallowing. Vailes provided no medical evidence supporting his claimed impairment. In fact, the physicians of record testified in their depositions that Vailes did not complain of problems with eating, drinking, and swallowing. Accordingly, Vailes cannot show that these activities are significantly limited compared to the average person.

Vailes alleges his sporadic coughing fits impair his major life activity of breathing. 29 C.F.R. § 1630.2(i) (1997). He contends that he

experiences pain when he coughs, and could potentially stop breathing during a coughing attack. We note that Vailes failed to assert that he was limited in his breathing when he responded to the County's interrogatories, requesting that he "state in detail every life activity limited by [his] impairment/condition and the nature and duration of this limitation." Moreover, Dr. Robert Baumgartner confirmed during deposition testimony that he did not have any evidence that Vailes was in danger of stopping breathing during a coughing attack. Baumgartner testified that he had no evidence that Vailes had actually experienced laryngospasm (where the larynx contracts and the patient could theoretically stop breathing as a result of irritation). No physician provided any opinion to the contrary. Vailes has not demonstrated enough facts regarding the impairment of the major life activity of breathing to satisfy his burden on summary judgment.

The record likewise contains no evidence upon which a reasonable jury could find that Vailes is substantially limited in his ability to speak. Vailes' treating physician stated that Vailes had "a good voice with clarity." While there is evidence that Vailes experiences voice fatigue after prolonged use, this is not uncommon for the average person.

Finally, we note Vailes' contention that as an alternative basis for disability, he had a "record of impairment." As this contention is asserted initially on appeal, we decline to consider it. *See Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993).

Therefore, we affirm the district court's order granting summary judgment in favor of Prince George's County. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 01-2347 - *AFFIRMED*

No. 01-2394 - *DISMISSED*